**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | )( | |
| | )( | **Criminal No. PWG-19-0137** |
| **v.** | )( | **Judge Grimm** |
| | )( | **Trial: January 24, 2022** |
| **DARRAN BUTLER** | )( | |

**MOTION FOR ORDER DIRECTING GOVERNMENT
TO DISCLOSE <u>BRADY</u> EVIDENCE AND INFORMATION
AND TO MAKE <u>BRADY</u> WITNESS AVAIALBLE
<u>AND POINTS AND AUTHORITY IN SUPPORT THEREOF</u>**

COMES NOW the defendant, Darran Butler, by and through undersigned counsel, and respectfully moves this Honorable Court to order the government to disclose <u>Brady</u> evidence and information to him and to make a <u>Brady</u> witness available to him.  In support of this motion, Mr. Butler would show:

1.      In this case, Mr. Butler is charged with, among other things, Conspiracy to Participate in a Racketeering Enterprise  (18 U.S.C. § 1962(d)) and Conspiracy to Distribute Controlled Substances (21 U.S.C. § 846).  Fourth Superseding Indictment (ECF #62) (Indictment) at 2-17, 18-20.  The Indictment alleges that, in furtherance of these conspiracies, Mr. Butler murdered D.G. on October 21, 2018.  <u>Id.</u> at 13, 18.  The Indictment does not allege that Mr. Butler had an accomplice for the murder of D.G., nor does it allege that he aided and abetted anyone in committing the murder.  <u>Id.</u>  However, it should be noted that, according to information disclosed through discovery, two different types of shell casings were recovered from the scene of D.G.'s murder, thus suggesting the possibility of two shooters.

1

2.      Regarding the murder of D.G., the government has disclosed to Mr. Butler through discovery a 302 report documenting an interview of a certain person by law-enforcement agents and federal prosecutors.  The person's name has been redacted from the report that has been turned over to Mr. Butler.  The report states that the person told the law-enforcement agents and federal prosecutors that, after getting arrested sometime in 2019,  he was put in a holding cell with numerous other individuals.  According to the person, one of the individuals in the cell identified himself as "Shamookey."  Others in the cell referred to the person as "Shamookey," too.  According to the person, Shamookey bragged about how he had killed D.G., and he provided details of the events surrounding the murder.  The person stated that Shamookey said that he was in a car with several individuals and that "two of them got out to kill [D.G.]"  The person stated that Shamookey said he was the one who shot D.G.

3.      On June 11, 2021, undersigned counsel Jerry Smith spoke with Assistant United States Attorney Matthew DellaBetta about the above-referenced 302 report. Counsel requested of Mr. DellaBetta that, pursuant to Brady, the government provide the defense with the identity and contact information for the individual who indicated that Shamookey had confessed to him that he killed D.G.—or alternatively, that the government make this person available to the defense.  In response, Mr. DellaBetta informed counsel that the government's position is that Brady does not apply to evidence indicating that Shamookey might have killed D.G. and that the government is therefore not obligated to comply with counsel's request.  Mr. DellaBetta explained that this is because it appears that D.G. was killed by two shooters.  Thus, even if it could be

established that Shamookey did kill D.G., this would not necessarily exculpate Mr. Butler since Mr. Butler might have still been the second shooter.

4.      Evidence that Shamookey killed D.G. falls within the ambit of <u>Brady</u> because it is favorable to Mr. Butler both in terms of being material to his guilt and, if he is convicted, in terms of being material to his punishment.  Accordingly, the government must 1) disclose to Mr. Butler all evidence and information in its possession indicating that Shamookey killed D.G., 2) provide Mr. Butler with the name and contact information for the person who reported that Shamookey confessed to him that he killed D.G. (or make that person available to Mr. Butler), and 3) provide Mr. Butler with any evidence in its possession that that would further indicate who Shamookey is.

## DISCUSSION

"[T]he suppression by the prosecution of evidence favorable to an accused… violates due process where the evidence is material to either guilt or to punishment." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>Horner v. Nines</u>, No. 20-6426, slip op. at 24 (4th Cir. April 20, 2021) (quoting <u>Brady</u>, 373 U.S. at 87)).

### A.  MATERIAL TO GUILT

Here, the government is taking the position that evidence related to Shamookey killing D.G. does not need to be turned over to the defense under <u>Brady</u> because it would not be favorable to him in terms of showing his innocence.  The government appears to believe that this is the case because it is possible that the murder was committed by two people and thus that Shamookey and Mr. Butler could have committed the murder

together.  But just because the government can come up with some theory for the evidence that is not necessarily inconsistent with its allegations against Mr. Butler does not mean that the evidence is therefore not favorable to him.  On this point, it should be noted that, if D.G. was killed by two shooters, the evidence that Shamookey participated in the murder would make it unlikely that Mr. Butler was also involved.  This is so because the government has not provided any evidence that Shamookey and Mr. Butler worked together to kill D.G. or even provided an explanation for why they would have done so—let alone an explanation that additionally rules out the host of other people besides Mr. Butler who could have also been Shamookey's accomplice.  Indeed, the government has not provided any reason for thinking that Mr. Butler and Shamookey even know each other.  Perhaps the government will now point to the evidence that it has unrelatedly developed against Mr. Butler alone to show that he killed D.G. and argue that this evidence establishes that, if Shamookey was involved in the murder, Mr. Butler must therefore have necessarily been his accomplice.  However, this evidence only rules out the possibility that someone other than Mr. Butler would have been Shamookey's accomplice to the extent that it is regarded as conclusively proving Mr. Butler's guilt, and at this point, the evidence remains untested.  Moreover, Mr. Butler still retains his presumption of innocence.  Accordingly, on both logical and legal grounds, the evidence that Shamookey killed D.G., even when considered with whatever independent evidence the government has against Mr. Butler for the murder, must still be regarded as favorable to him for the purposes of Brady.

4

Given the fact that, even assuming D.G. was killed by two shooters, evidence that Shamookey was one of the shooters reduces the likelihood that Mr. Butler was involved in the shooting, the evidence must be disclosed under <u>Brady</u> for this reason alone. Beyond this, evidence that Shamookey committed the murder could also likely be developed and/or used in conjunction with other evidence to further show that Mr. Butler did not participate in the murder. For instance, because of the probability that any accomplice that Shamookey might have had in committing the murder was not Mr. Butler, evidence that Shamookey committed the murder could be developed to identify persons other than Mr. Butler who are more plausible candidates for being Shamookey's accomplice than him. Also, the evidence that Shamookey committed the murder could be used in conjunction with evidence showing a lack of association between Mr. Butler and Shamookey to rule out the possibility that Mr. Butler participated in the murder. For these reasons, too, evidence that Shamookey committed the murder must be made available to Mr. Butler pursuant to <u>Brady</u>. <u>Sellers v. Estelle</u>, 651 F.2d 1074, 1076-78 (5th Cir. 1981) (government violated <u>Brady</u> because, by failing to disclose certain police reports that were only "partially exculpatory," it denied the defendant the opportunity to develop the information in the reports for use with his defense theory); <u>see also</u> <u>Barton v. Warden</u>, 786 F.3d 450, 465 (6th Cir. 2015) (even "inadmissible material might nonetheless be considered 'material under <u>Brady</u> if it would "lead directly" to admissible evidence'" (citations omitted)).

Finally, it should be noted that evidence that Shamookey killed D.G. would also be favorable to Mr. Butler in terms of showing his innocence if the government ends up

presenting evidence that is inconsistent with the fact that Shamookey committed the crime.  This would occur, for instance, if a witness testified that Mr. Butler acted alone in committing the crime or that he had an accomplice who could be ruled out as being Shamookey.  If in connection with the murder of D.G., the government is going to present evidence against Mr. Butler that is inconsistent with Shamookey also being involved in the murder, this would provide an additional reason for requiring it to disclose, pursuant to <u>Brady</u>, evidence that Shamookey killed D.G.

### B.  MATERIAL TO PUNISHMENT

In addition to being favorable to Mr. Butler in a way that is material to guilt, evidence that Shamookey killed D.G. could also be favorable to Mr. Butler in a way that is material to punishment.  Here, though Mr. Butler is alleged to have killed D.G. as an overt act in furtherance of the racketeering and drug conspiracies he is charged with, he is not actually charged with any stand-alone count relating specifically to the murder.  Nevertheless, a finding regarding his involvement in the murder could factor in the Court's determination of any sentence it might give him should he get convicted in this case.  Obviously, if evidence that Shamookey killed D.G. could be used and/or developed to show that Mr. Butler did not kill D.G. this would support an argument that he should not be punished as harshly as he otherwise would be.  Also, even if it were to be found that Mr. Butler did participate in the murder of D.G., evidence that Shamookey also participated in the murder could still be used and/or developed to show that Mr. Butler's culpability in the murder was less than Shamookey's and thus that Mr. Butler is therefore entitled to some leniency because of this.

## **CONCLUSION**

For the above reasons, evidence and information tending to show that Shamookey killed D.G. is favorable to Mr. Butler for the purposes of <u>Brady</u>, and the government is therefore obligated to turn over such evidence and information to the defense.  As part of such disclosure, the government must give the defense the name and contact information for the person who reported that Shamookey confessed to him that he killed D.G. so that the defense can interview this person about what Shamookey said and possibly subpoena him as witness to introduce Shamookey's confession into evidence at trial.  Alternatively, the government can make this person available to the defense.  Also, the government must disclose to the defense any additional information it has about Shamookey's identity so that the defense can further develop him as a suspect in the murder of D.G., better identify persons who might have been his accomplice in committing the murder, and better develop evidence of a lack of association between him and Mr. Butler.

WHEREFORE, the defendant, Darran Butler, moves this Honorable Court to order the government to disclose <u>Brady</u> evidence and information to him and to make a <u>Brady</u> witness available to him.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
Counsel for Darran Butler
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101


_____/s/_____
Jeffrey Brian O'Toole
Counsel for Darran Butler
Kiernan Trebach, L.L.C.
1233 Twentieth Street, N.W.
Eighth Floor
Washington, DC 20036
E-mail: otoole@kiernantreback.com
Phone: (202) 712-7000