UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. PWG-19-0137 |
| v.           )( | Judge Grimm |
| )( | Trial: January 31, 2022 |
| DARRAN BUTLER           )( | |

**MOTION TO SUPPRESS HISTORICAL CELL-SITE DATA
AND EVIDENCE AND INFORMATION DEVELOPED FROM THAT DATA
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Darran Butler, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to the Fourth Amendment to the United States Constitution, to suppress the historical cell-site date that the government obtained for three cell phones that he was allegedly using.  Additionally, Mr. Butler moves the Court to suppress any evidence and information developed from that data.  In support of this motion, Mr. Butler would show:

1.    On December 20, 2018, the government obtained warrants to obtain historical cell-site data for three phones it claimed Mr. Butler was using (18-3538-PWG, 18-3539-PWG, and 18-3540-PWG).  Pursuant to the request made by the government, the warrants authorized law-enforcement to obtain cell-site data for the three phones for the period of September 1, 2018 through November 2, 2018.  Reports for the historical cell-site data for the three phones have been turned over to Mr. Butler in discovery.  Mr. Butler now moves to suppress that data.

1

2.      To establish probable cause for the warrants to obtain cell-site data for the three phones it claims Mr. Butler was using, the government submitted a single affidavit (Affidavit) sworn to by an FBI Special Agent (affiant).

3.      In the Affidavit, the affiant refers to the three phones at issue as "Subject Phone 1", "Subject Phone 2," and "Subject Phone 3."  Affidavit at 1-2.

4.      In the Affidavit, the affiant indicates that the phones he is referring to as Subject Phone 1 and Subject Phone 3 are phones that were recovered in connection with an arrest of Mr. Butler on November 1, 2018.  See Affidavit at 7-8.  Specifically, the affiant states that, "[d]uring the arrest of BUTLER, investigators… recovered… Subject Phones 1 and 3."  Id. at 8.

5.      In the Affidavit, the affiant indicates that the phone he is referring to as Subject Phone 2 is a phone that Mr. Butler referenced during a recorded jail call that he had with a woman on November 2, 2018.  See Affidavit at 11-15.  At the time, Mr. Butler was still incarcerated due to his arrest the day before.  The affiant indicates that, during the call, Mr. Butler gave the woman phone number (410) 892-4947.  He told the woman this was his "go getta number" and asked her to get the number "switched over to another phone."  Id. at 13.  The affiant then goes to say that Mr. Butler told the woman that other people wanted the phone because, as Mr. Butler supposedly explained it, "Look what kinda numbers they can do."  Id. at 13.  Based on this comment and based on Mr. Butler's earlier comment that the number for the phone was his "go getta number," the affiant speculates that Mr. Butler had been using the phone for drug dealing and that he wanted the phone number switched over to another phone in order "to continue operating

2

that line for the purposes of drug-trafficking." Id. at 15.  In the Affidavit, these statements by Mr. Butler are the only evidence that the affiant points to show that Mr. Butler is involved in drug dealing.  See id. at 1-19.

6. Apart form from referring to the three phones at issue in the Affidavit as "Subject Phone 1," "Subject Phone 2, and "Subject Phone 3," the affiant also describes them by referring to unique phone numbers and electronic serial numbers he claims they have.  Affidavit at 1-2.  Specifically, the affiant describes Subject Phone 1 as a "cellular telephone assigned call number (443) 630-4231 [and] with electronic serial number 26843546250566747." Id. at 1.  The affiant describes Subject Phone 2 as a "cellular telephone assigned call number (410) 893-4947 [and] with electronic serial number 310410709445488." Id. at 2.  And the affiant describes Subject Phone 3 as a "cellular telephone assigned call number (443) 985-6073 [and] with electronic serial number 310260152429694." Id.  These are the only unique identifiers that the affiant ever gives the phones.  See id. at 1-19.  Obviously, these are the identifiers that service providers need in order to be able to provide cell-site data for phones.

7. As far as Subject Phones 1 and 3 go, the affiant fails to provide any information that would support a conclusion that the unique phone numbers and electronic serial numbers he associates with those phones actually go with those phones. See Affidavit at 1-19.  Moreover, while the affiant does indicate that Mr. Butler revealed the phone number the affiant associates with Subject Phone 2 during the recorded jail call of November 2, 2018, id. at 13, the affiant still fails to provide any information to support

3

the conclusion that the unique electronic serial number that he associates with that phone actually goes with it, see id at 1-19.

8. In the Affidavit, the affiant states that there is probable cause to believe that cell-site data for the three phones at issue will "reveal evidence" of weapons and drug offenses under 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c), and 21 U.S.C. § 841. Affidavit at 3. In an attempt to explain why there is probable cause that the cell-site data for the phones will reveal such evidence, the affiant discusses Mr. Butler's involvement in specific acts of criminal activity, mostly acts of violence. Affidavit at 5-19.

9. Nowhere in Affidavit does the affiant provide any specific facts to show that cell-site data for Subject Phone 1 and Subject Phone 3 might have evidentiary value in connection with any of the criminal activity that he alleges Mr. Butler is involved in. This is because the affiant alleges no facts to indicate that Mr. Butler was using the phones in connection with that criminal activity. Indeed, he does not even provide any information to show that Mr. Butler was in possession of the phones at the time that the criminal activity was occurring. See Affidavit at 1-19. The sole thrust of the affiant's argument for probable cause to obtain cell-site data for Subject Phones 1 and 3 appears to be that, because Mr. Butler is involved in criminal activity and because the phones were recovered during his arrest on November 1, 2018, there is therefore—just as a general matter—probable cause to believe that cell-site data for the phones will have evidentiary value in connection with that activity. See id. at 17.

10. As previously stated, supra at 3, the affiant does provide some minimal facts to show that Mr. Butler was using Subject Phone 2 in connection with drug dealing

as a general matter.  These minimal facts are that, in the jail call on November 2, 2018, Mr. Butler referred to the phone number for Subject Phone 2 as his "go getta number" and indicated that others might want to use the phone because, as Mr. Butler supposedly explained it, "Look what kinda numbers they can do."  Affidavit at 13.  However, nowhere in the Affidavit does the affiant provide any specific facts to show that cell-site data for Subject Phone 2 might have evidentiary value in connection with any of the specific acts of criminal activity that he alleges Mr. Butler is involved in.  This is because the affiant alleges no facts to indicate that Mr. Butler was using the phone in connection with those specific acts of criminal activity.  Indeed, he does not even provide any information to show that Mr. Butler was in possession of the phone at the time that those specific acts of criminal activity were occurring.  See id. at 1-19.

## DISCUSSION

### A.  No Probable Cause

In Carpenter v. United States, 138 S.Ct 2206 (2018), the Supreme Court held that "[t]he Government's acquisition of cell-site records [is] a search within the meaning of the Fourth Amendment."  138 S.Ct at 2220.  Accordingly, the Court directed that "the Government must generally obtain a warrant supported by probable cause before acquiring [such] records."  Id. at 2221.

In order to make out probable cause for a warrant to conduct a search, law-enforcement officers seeking the warrant must establish that "there is a fair probability that contraband or evidence of a crime will be found in [the] particular place [to be searched]."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  Accordingly, just because there

is probable cause to believe that a person has committed a crime, it does not follow that that there is therefore probable cause to search his effects. See Steagald v. United States, 451 U.S. 204, 212-213 (1981); see also United States v. Griffith, 867 F.3d 1265, 1271 (D.C. Cir. 2017) ("probable cause to arrest a person will not itself justify a warrant to search his property"). In order to establish probable cause for a search, a nexus must be shown to exist between the item to be searched and the criminal activity under investigation. Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 307 (1967); Groh v. Ramirez, 540 U.S. 551, 568 (2004); see United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (the affidavit for a warrant to search a residence was "deficient because it fail[ed] to establish a nexus between the drug activity [under investigation] and the location that was searched"). This is in keeping with the fact that the "manifest purpose of th[e] [Fourth Amendment's] particularity requirement was to prevent general searches." Maryland v. Garrison, 480 U.S. 79, 84 (1987). Indeed, the Fourth Amendment's particularity requirement is to "ensure[s] that [a] search will be carefully tailored to its justifications, and will not take the character of the wide-ranging exploratory searches the Framers intended to prohibit." Id.

In the specific context of search warrants related to cell-site data, properly establishing a nexus between the cell-site data being sought and the criminal activity under investigation would at least require showing that the phone at issue was somehow actually being used in connection with that criminal activity. See United States v. Powell, 943 F.Supp.2d 759, 779 (E.D. Mich. 2013) (for warrant to get real-time tracking of cell phone, the government must "demonstrate a nexus between a suspect and the

phone, the phone and the criminal activity, as well as the criminal activity and the suspect's location"); In re Search of Cellular Tel. Towers, 945 F.Supp.2d 769, 771 (S.D. Tex 2013) (where the warrant was for information related to phones that used a certain cell tower at a certain time (a "tower dump"), the affidavit established probable cause because it demonstrated that the suspect "used a cell phone during the criminal activity [under investigation] in furtherance of the offense").

In addition to having to show a nexus between the items to be searched and the criminal activity under investigation, an affidavit for a search warrant must also provide the judicial officer reviewing it with sufficient facts for him to make his own independently informed determination of probable cause. Giordenelli v. United States, 357 U.S. 480, 486 (1958) (a judicial officer reviewing an affidavit for a warrant must be able "to judge for himself the persuasiveness of the facts relied on by the [affiant] to show probable cause [emphasis added]"; see also Gates, 213 U.S. at 239; Franks v. Delaware, 438 U.S. 154, 165 (1978); Aguilar v. Texas, 378 U.S. 108, 110-11 (1964). The determination of probable cause necessary for the issuance of a search warrant is left to "the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer 'engaged in the often competitive enterprise of ferreting out crime.'" United States v Chadwick, 433 U.S. 1, 9 (1977) (quoting Johnson v. United States, 333 U.S. 10, 14 (1948)).  Thus, conclusory assertions in an affidavit for which no underlying bases of knowledge are identified do not permit a judicial officer to exercise his independent

judgment and therefore cannot properly support a finding of probable cause. <u>Gates</u>, 462 U.S. at 239; <u>Whiteley v. Warden</u>, 401 U.S. 560, 563-65 (1971).

  In the instant matter, the Affidavit fails to establish probable cause for obtaining cell-site data for the three phones at issue because it does not sufficiently demonstrate that a nexus exist between the cell-site data being sought and the criminal activity it alleges that Mr. Butler is involved in.  For starters, the Affidavit fails to even demonstrate a connection just between the phones themselves and Mr. Butler.  In the Affidavit, the affiant refers to the three phones that he claims can be linked to Mr. Butler as "Subject Phone 1," "Subject Phone 2," and "Subject Phone 3.".  However, to the extent he actually describes these phones in a non-generic way, he does so by referencing the unique phone numbers and electronic serial numbers that he says go with them, which is the information the service providers appear to need in order to provide cell-site data for them.  The phones as described by their unique phone numbers and electronic serial numbers are the actual, unique phones for which the cell-site data is being sought.  Given this, in order to demonstrate a connection between the phones for which the cell-site data is being sought and Mr. Butler, the affiant would therefore first need to provide sufficient information to allow a judicial officer reviewing the Affidavit to determine for himself that that the phones as described by reference to their unique phone numbers and electronic serial numbers are in fact the same phones that the affiant refers to as "Subject Phone 1," "Subject Phone 2," and "Subject Phone 3."  However, nowhere in the Affidavit does the affiant provide any information that would allow a judicial officer to determine for himself that Subject Phones 1 and 3 have the unique phone numbers and electronic

serial numbers that the affiant claims they have.  Moreover, while the affiant does indicate that Mr. Butler revealed the phone number the affiant associates with Subject Phone 2 during the recorded jail call of November 2, 2018, the affiant still fails to provide any information that would allow a judicial officer to determine for himself that the phone has the unique electronic serial the affiant claims it has.  Thus, on this most basic level, the affiant fails to connect the phones for which the cell-site data is being sought to Mr. Butler.

Beyond this, even if it were admitted for the sake of argument that the affiant does sufficiently show that the phones for which the cell-site data is being sought (the phones as described by reference to their unique phone numbers and electronic serial numbers), are the same phones that can be linked to Mr. Butler, the affiant still fail to establish any real connection between those phones and the actual criminal activity that he alleges Mr. Butler is involved in.  Indeed, for Subject Phones 1 and 3, the affiant fails to provide any specific reason at all for thinking that Mr. Butler used those phones in connection with any of that criminal activity.  Indeed, the affiant fails to even show that Mr. Butler was in physical possession of the phones at the time that any of that criminal activity was occurring.  The sole thrust of the affiant's argument for probable cause to obtain cell-site data for Subject Phones 1 and 3 appears to be that, because Mr. Butler is involved in criminal activity and because the phones were recovered during is arrest on November 1, 2018, there is therefore—just as a general matter—probable cause to believe that cell-site data for the phones will have evidentiary value in connection with that activity.  But in making such an argument, the affiant is effectively just seeking to do the kind of general,

exploratory search that is widely understood as being prohibited by the Fourth Amendment. The fact that, in the Affidavit, the affiant seeks cell-site data for Subject Phones 1 and 3 for a two-month period just goes to underscore this point.

In regards to Subject Phone 2, it does appear that, in the Affidavit, the affiant does provides some minimal facts to show that Mr. Butler used that phone in connection with drug dealing as a general matter. These minimal facts are that, in the jail call on November 2, 2018, Mr. Butler referred to the phone number for Subject Phone 2 as his "go getta number" and indicated that others might want to use the phone because, as Mr. Butler supposedly explained it, "Look what kinda numbers they can do." Id. at 13. Nevertheless, while it can perhaps be speculated that, in making these comments, Mr. Butler was indicating that he had been using the phone for drug dealing, it is hard to see how it can be claimed that his statements actually provide probable cause for believing that that is in fact the case. Moreover, as to the actual specific acts of criminal activity that Mr. Butler is alleged to be involved in, the affiant still does not provide any specific reason at all for thinking that Mr. Butler used Subject Phone 2 in connection with those acts. Accordingly, even with the comments that Mr. Butler is alleged to have made during the November 2, 2018 jail call factored into the calculus, the affiant still fails to establish probable cause that cell-site data for Subject Phone 2 will have evidentiary value for any of the criminal activity that he alleges Mr. Butler is involved in. Thus, just as with Subject Phones 1 and 3, it appears that, in seeking cell-site data for Subject Phone 2, the affiant is again effectively seeking to do the kind of general, exploratory search that is widely understood as being prohibited under the Fourth Amendment. The fact that the

affiant is seeking cell-site data for Subject Phone 2 for a two-month period—just as he did for Subject Phones 1 and 3—just goes to underscore this point.

### B.  No Good-Faith Reliance

Given that the Affidavit fails to establish probable cause for finding that cell-site data for the three phones at issue will have evidentiary value in connection with the criminal activity that Mr. Butler is alleged to be involved in, perhaps the government will now argue that, notwithstanding this fact, the law-enforcement officers executing the search warrants for the cell-site data for the phones were still entitled to rely on the judicial officer's determinations that such probable cause existed anyway per the good-faith exception spelled out in United States v. Leon, 468 U.S. 897 (1984).  However, the Leon good-faith exception was not intended to apply in those situations where a warrant "is based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'"  Leon, 468 U.S. at 915 (quoting Gates, 462 U.S. at 239).  Additionally, for the Leon good-faith exception to apply, the judicial officer's action in authorizing the warrant "cannot be a mere ratification of the bare conclusions of others." Leon 468 U.S. at 915 (quoting Aguilar v. Texas, 378 U.S. 108, 114-115 (1964)).  Furthermore, the Leon good-faith exception does not apply "when the affidavit [used to obtain a warrant] is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable." Leon, 468 U.S. at 914.  Finally, "[e]ven if the warrant application was supported by more than a 'bare bones' affidavit, a reviewing court may properly conclude that, notwithstanding the deference that magistrates deserve, the warrant was invalid because the magistrate's probable-cause determination reflected

an improper analysis of the totality of the circumstances." Leon, 468 U.S at 915 (citing Gates, 462 U.S. at 238-239).

Here, it cannot be credibly claimed that the Leon good-faith exception can be called up to prevent application of the exclusionary rule to the cell-site data that was obtained for the three phones at issue. The Affidavit fails to provide a "substantial basis" for finding probable cause that cell-site data for the three phones will have evidentiary value in connection with any of the criminal activity that Mr. Butler is alleged to be involved in. The Affidavit fails to provide any information that would allow a judicial officer reviewing it to determine if the actual phones for which the cell-site data is being sought (the phones as described by reference to their unique phone numbers and electronic serial numbers) are actually the phones that can be linked to Mr. Butler. Additionally, the Affidavit does not provide a single specific reason for thinking that cell-site data for Subject Phones 1 and 3 will have evidentiary value in relation to the criminal activity that Mr. Butler is alleged to be involved in. And to the extent that the Affidavit provides any reason for thinking that cell-site data for Subject Phone 2 will have any such evidentiary value, it only does so by speculating that two cryptic comments that Mr. Butler is alleged to have made during a recorded jail call show that he was using the phone for drug dealing. Also, because the Affidavit essentially argues that probable cause for the search warrants it seeks should be found based largely Mr. Butler's alleged involvement in criminal activity as general matter, the Affidavit provides an "improper analysis of the totality of the circumstances" for finding probable cause. Finally, because the warrants for the cell-site data that the Affidavit seeks are actually just warrants to do

the type of general, exploratory searches that the Fourth Amendment is widely understood to prohibit, it cannot be claimed that the Affidavit even seeks warrants that it would be objectively reasonable for a law-enforcement officer to rely on.

### C. Suppression

Because the Affidavit fails to establish probable cause for believing that cell-site data for the three phones at issue here would have evidentiary value for the criminal activity it indicates Mr. Butler is involved in, the resulting warrants for that cell-site data are invalid. Given that the government cannot use the Leon good-faith exception to avoid application of the exclusionary rule, the cell-site data that was obtained for the three phone with the warrants must be suppressed. Additionally, any evidence and information developed from that data must also be suppressed. Taylor v. Alabama, 457 U.S. 687, (1982); United States v. Crews, 445 U.S. 463, 471 (1980); Dunaway v. New York, 442 U.S. 590 (1975); Brown v. Illinois, 422 U.S. 590 (1975); Wong Sun v. United States, 371 U.S. 471 (1973).

**CONCLUSION**

WHEREFORE, the defendant, Darran Butler, moves this Honorable Court to suppress the historical cell-site data that was obtained for the three phones that the government alleges he was using. Additionally, he moves the Court to suppress any evidence and information developed from that data.

Respectfully submitted,

\_\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
Counsel for Darran Butler
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101


\_\_\_\_\_/s/_____
Jeffrey Brian O'Toole
Counsel for Darran Butler
Kiernan Trebach, L.L.C.
1233 Twentieth Street, N.W.
Eighth Floor
Washington, DC 20036
E-mail: otoole@kiernantrebach.com
Phone: (202) 712-7000