United States v. Darran Malik Butler
August 25, 2022
Page 10

# ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The NFL criminal enterprise was an organization whose members had social and family ties to the Edmondson Village neighborhood in southwest Baltimore. The term "NFL" was an acronym that stood for Normandy, Franklin, and Loudon, three adjacent streets that run through the Edmondson Village. Members of the NFL enterprise demonstrated and promoted their affiliation with the enterprise using social media, jewelry, and tattoos.

The NFL enterprise, including its leadership, membership, and associates, constituted an enterprise as defined in 18 U.S.C. §§ 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. Members of the NFL enterprise engaged in a pattern of criminal activity that included acts involving murder, narcotics trafficking, illegal firearms possession, bribery, witness intimidation, and witness retaliation.

The purposes of the NFL enterprise included the following:

a. Enriching the leaders, members, and associates of enterprise through the distribution of controlled substances and other criminal activities, and through the use of threats, intimidation, and violence, including but not limited to acts involving murder, brokered killings, and retaliation against witnesses;

b. Promoting and enhancing the reputation and scope of the enterprise and its members' and associates' activities;

c. Preserving and protecting the enterprise and its leaders by keeping its members and associates from cooperating with law enforcement through intimidation, violence, threats of violence, and public displays of aggression and firearms possession;

d. Providing financial support and information to members of the enterprise, including members who were incarcerated for narcotics trafficking, acts of violence, or other criminal offenses;

United States v. Darran Malik Butler
August 25, 2022
Page 11

      e.      Providing assistance to other members and associates who committed crimes for and on behalf of the enterprise in order to hinder, obstruct, and prevent law enforcement from identifying, apprehending, and punishing the offender; and

      f.      Keeping victims and witnesses in fear of the enterprise and in fear of its leaders, members, and associates through acts of violence, threats of violence, and public displays of aggression.

The Defendant admits that beginning in 2018 and continuing through at least March 2020, he was a member of the NFL enterprise and participated in its illegal activities with other members. During this time period, the enterprise distributed large quantities of heroin, fentanyl, and cocaine to drug customers and re-distributors from Maryland, Virginia, West Virginia and Pennsylvania. Over the course of the charged conspiracy, the NFL enterprise distributed over one kilogram of heroin, more than 400 grams of fentanyl, and more than 280 grams of cocaine base.

The Defendant further admits that he agreed to and did commit murder on the enterprise's behalf. In or about October 2018, a co-conspirator solicited the Defendant to murder Leonard Shelley so that the co-conspirator and the Defendant could collect a bounty that had been placed on Shelley. On or about October 31, 2018, the Defendant and a co-conspirator followed Shelley into a convenience store and shot Shelley numerous times, killing him. Following the murder, the Defendant posted a picture on Instagram of himself holding the bounty proceeds for Shelley's murder.

The Defendant agrees that he associated with the NFL enterprise and that he knowingly conspired to conduct and participate in the affairs of the enterprise through a pattern of racketeering activity. The Defendant further agrees that the overt acts in which he is named in the Fourth Superseding Indictment represent an accurate sample of his activities in furtherance of the NFL enterprise.

United States v. Darran Malik Butler
August 25, 2022
Page 12

SO STIPULATED:

_8-25-2022_
Date

_John W. Sippel, Jr._
John W. Sippel, Jr.
James T. Wallner
Assistant United States Attorneys

_8.29.22_
Date

_Darran Butler_
Darran Malik Butler
Defendant

_8/29/22_
Date

_Rebecca LeGrand_
Rebecca LeGrand, Esquire
Counsel for Darran Malik Butler

_8/29/22_
Date

_Jerry Smith_
Jerry Smith, Esquire
Counsel for Darran Malik Butler